UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-164-DLB

BETTY A. KING                                                                                              PLAINTIFF


vs.                              **MEMORANDUM OPINION & ORDER**


JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                           DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record and for the reasons set forth herein, reverses and remands the Commissioner's decision, as it is not supported by substantial evidence.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Betty A. King filed an application for supplemental security income (SSI) payments on December 16, 2002.[1]  Her application was denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ),

---

[1] As noted by the ALJ in his written decision, Plaintiff has filed two prior applications for benefits.  The first application - for SSI benefits - dated July 7, 1993, was denied initially and upon reconsideration. Following a hearing, ALJ Charlie Arnold issued a denial decision, and the Appeals Council declined further review.  Following remand by the district court, the ALJ issued a second denial decision, from which no appeal was taken.

On November 3, 1999, Plaintiff filed concurrent applications for a period of disability, disability insurance benefits (as a disabled adult child of a wage earner), and SSI.  The applications were denied initially and upon reconsideration.  Following a hearing, ALJ Peter M. Davenport issued an unfavorable decision on August 18, 2001; an amended decision was issued on October 24, 2001.  The Appeals Council denied Plaintiff's request for further review on November 20, 2002, and no further action was taken.

1

which was held on February 10, 2004, in Hazard, Kentucky. On March 16, 2004, ALJ John M. Lawrence issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for further review by letter dated April 7, 2005. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

Plaintiff, who was 32 years old at the time of the hearing, has a high school education and alleges an inability to work beginning on October 25, 2001, due to a pain disorder, back injury, and nervous condition. At the hearing before the ALJ, Plaintiff indicated that she slipped and fell in the bathtub in August 2002, injuring her back; she can lift approximately 5-10 pounds; she has difficulty bending; she can stand and sit for approximately 10-15 minutes; she walks with an assistive device (i.e., a cane); and she experiences panic attacks on a weekly basis.

Having exhausted her administrative remedies, Plaintiff filed the instant suit on May 25, 2005. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II. DISCUSSION

**A.  Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve

conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20). At Step 2, the ALJ found that Plaintiff has the following medically determinable impairments: back pain, obesity, dependent personality traits, and depressive disorder not otherwise specified. (Tr. 21-23). The ALJ concluded, however, that these impairments have no more than a minimal effect on Plaintiff's ability to perform basic work-related activities and are, therefore, non-severe. (Tr. 22). Accordingly, the ALJ terminated the sequential evaluation process at Step 2.

**C.    Analysis**

Plaintiff's sole argument on appeal is that the ALJ erred in determining - at Step 2 -

that she does not suffer from a severe impairment. Specifically, she argues that the ALJ "improperly ignored the extensive evidence of record documenting a severe back impairment, as well as severe obesity." (Doc. #9, p.5). Plaintiff also argues that the ALJ's finding of non-severity violates the Sixth Circuit's holding in *Drummond v. Comm'r of Social Security*, 126 F.3d 837, 841 (6th Cir. 1997). In support, she notes that a prior ALJ found that her obesity and Wolff-Parkinson-White (WPW) Syndrome constitute severe impairments. In response, the Commissioner contends that "the record is replete with 'new and material' medical evidence that documented medical improvement in Plaintiff's physical condition, [and therefore,] the ALJ appropriately found no severe physical impairments." (Doc. #10, p.10). Alternatively, the Commissioner argues that "remand for further proceedings is unwarranted in this case ... because the ... ALJ proceeded past step two of the sequential evaluation and elicited ... testimony from a VE to establish the existence of alternate jobs in the national economy [that] Plaintiff could perform." (Doc. #10, p.12).

The Sixth Circuit has repeatedly held that the Step 2 severity regulation is a "de minimis hurdle in the disability determination process." *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (per curiam). Under this view, "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* (citing *Farris v. Sec'y of Health and Human Serv.*, 773 F.2d 85, 90 (6th Cir. 1985)); 20 C.F.R. § 416.920(c). However, a claim that is "obviously lacking medical merit" can be dismissed if it is "totally groundless solely from a medical standpoint." *Id.* at 862-63 (*quoting* Farris, 773 F.2d at 90 n.1).

Plaintiff argues that, based upon the medical evidence of record, she easily surmounts the "de minimis" hurdle of Step 2. In support, she notes first that on February

4

8, 2003, consultative examiner Dr. Rita Ratliff stated that "[h]er activities will be as tolerated by her pain and her obesity." (Tr. 166). Plaintiff also relies on treatment records from Appalachian Regional Healthcare (ARH) that reflect repeated complaints of back pain. (Tr. 193-95, 198, 201, 203, 205, 259, 261-62, 264-65, 287-90). In particular, she notes that MRI's performed on September 25, 2002 and July 28, 2003 revealed degenerative annular disc bulges at the L3-4 and L4-5 levels, and small left-sided disc herniation at the L5-S1 impinging on the S1 nerve root. (Tr. 208, 263). The only other evidence related to Plaintiff's back pain was a "pain management record" completed by a nurse practitioner at ARH, which revealed that Plaintiff's pain was a 9 on a 10-point scale, and was affecting her ability to walk, sit, and stand. (Tr. 197).

The question in this case is whether substantial evidence supports the ALJ's finding that Plaintiff's back impairment is a slight abnormality that only minimally affects her work ability. *Farris*, 773 F.2d at 90. In the absence of any evidence from an acceptable medical source establishing what effect, if any, Plaintiff's back impairment has on her ability to perform basic work activities, the Court must answer that question in the affirmative.[2] *See also Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 692-93 (holding that substantial evidence did not support ALJ's conclusion of a nonsevere impairment where abundance of evidence demonstrated that claimant's mental retardation affected her ability to work); *Farris*, 773 F.2d at 90 (holding that ALJ's decision that claimant did not have severe impairment was unsupported by substantial evidence in light of fact that claimant's treating psychologist and psychiatrist both stated unequivocally that she couldn't perform

---

[2]In doing so, the Court agrees with the Commissioner that nurse practitioners, such as Amy Asher and Alicia Cook, do not qualify as "acceptable medical sources" under the regulations.

5

basic work activities when her symptoms were present).

That does not, however, end the Court's inquiry. Plaintiff also argues that the ALJ erred in failing to find that her WPW and obesity constitute severe impairments, in violation of *Drummond*. In *Drummond*, the Sixth Circuit held that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." 126 F.3d 837 at 842. The Commissioner formally expressed her acquiescence with *Drummond* by stating:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding ....

AR 98-4(6), 1998 WL 283902, at *3 (June 1, 1998). The Court agrees with Plaintiff that *Drummond* applies to an ALJ's finding at any step of the sequential evaluation.

In adjudicating Plaintiff's previous application, ALJ Davenport found that Plaintiff's WPW and obesity constitute severe impairments. (Tr. 37). Most recently, however, ALJ Lawrence found that Plaintiff's impairments are non-severe. In his written decision, ALJ Lawrence indicated that he was "fully cognizant" of *Drummond's* requirement, but concluded that "the record establishes that [Plaintiff] has medically improved" and thus, *Drummond* does not apply. (Tr. 22). In support, he relied on: 1) the report of consultative examiner Rita Ratliff, and 2) the fact that Plaintiff's treatment was "conservative." (Tr. 22).

Plaintiff underwent a consultative physical examination by Dr. Ratliff on February 8,

6

2003.[3]  (Tr. 164-66).  Upon examination, Dr. Ratliff noted that Plaintiff is morbidly obese, weighing 292 pounds and standing 65.6 inches tall.  (Tr. 165).  She also noted:

> [Plaintiff] could use her hands for fine and gross manipulations.  There are no joint deformities ... present.  She had decreased range of motion of the hips secondary to obesity and abduction to 30 degrees and adduction to 10 degrees.  The other joints were normal.  She had full range of motion of the spine with no limitation by obesity and no paraspinal muscle spasms were present.  Negative straight leg raising in both the sitting and supine position[s].  The patient was slow with toe and heel walking.  She squatted 75% of the way down and back up without assistance.  The patient had no difficulty getting on and off the examining table.  No motor deficit is noted.  No atrophy.  There is no evidence of nerve root compression.

(Tr. 166).  Dr. Ratliff also offered the following medical source statement:

> Based on today's physical examination, there is no physical evidence for restriction in patient's tolerance for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying or handling objects or ability to travel observed.  Her activities will be as tolerated by her pain and her obesity.

(Tr. 166). Based upon this assessment, state agency physician Dr. James Ross concluded that Plaintiff does not have a severe (physical) impairment.  (Tr. 163).

The Court finds Plaintiff's *Drummond* argument persuasive for two reasons.  First, Dr. Ratliff's opinion that Plaintiff does not have any exertional limitations as a result of her obesity and/or back pain appears to be inconsistent with her statement that "[Plaintiff's] activities will be as tolerated" by her alleged impairments.  More importantly, however, a review of Dr. Ratliff's April 8, 2000 and February 8, 2003 reports reveals strikingly similar findings and conclusions.  (Tr. 38).  Under these circumstances, the Court concludes that substantial evidence does not support the ALJ's finding that Plaintiff's condition(s) have improved such that she does not suffer from a severe impairment.

---

[3]Dr. Ratliff also examined Plaintiff in connection with her previous application, on April 8, 2000.  (Tr. 38).

7

As a final matter, the Court rejects the Commissioner's contention that remand is not necessary because ALJ Lawrence adopted ALJ Davenport's residual functional capacity assessment (which ALJ Davenport, in turn, adopted from Plaintiff's original application in 1997), and elicited testimony from a vocational expert establishing that there are a significant number of jobs Plaintiff can perform despite her limitations.  Although a review of the transcript of the hearing confirms the Commissioner's contention, the ALJ did not include this alternative finding in his written decision.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED,** with this action **REMANDED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Docs. #8-9) is hereby **GRANTED.**

A Judgment reversing and remanding this matter will be entered contemporaneously herewith.

Dated this 16th day of August, 2006.

